IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH CHISOLM ) | |
| ) | Case No.: _____ |
| Plaintiff, ) | |
| ) | Judge: _____ |
| v. ) | |
| ) | Magistrate Judge: _____ |
| BLYTHEDALE CHILDREN'S ) | |
| HOSPITAL ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

1. Plaintiff, by and through his attorneys, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") seeking back-pay and other redress for Defendant's failure throughout the period of his employment to pay him certain regular and overtime wages to which he was entitled, and for Defendant's subsequent firing of Plaintiff in retaliation for notifying his supervisor about Defendant's minimum wage and overtime violations.

**Parties**

2. Plaintiff KEITH CHISOLM is a natural person and a resident of Westchester County, New York.

3. Defendant BLYTHEDALE CHILDREN'S HOSPITAL is a New York not-for-profit corporation that operates a hospital facility at 95 Bradhurst Avenue in Valhalla, New York.

4. Defendant employs several hundred individuals, including medical and support staff, full-time at the Valhalla facility, and is an employer within the meaning of 29 U.S.C. §203(d).

5. During the period relevant to this Complaint, until the date of his retaliatory discharge, Mr. Chisolm was employed by Defendant at its Tarrytown facility as a Help Desk Technician.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 28 U.S.C §1331, because it is an action arising under the laws of the Unites States, namely 29 U.S.C. §201 *et seq.*, the Fair Labor Standards Act.

7. Venue is proper in this District because Plaintiff resides in this District, Defendant has a principal place of business in this District, a substantial portion, if not all, of the facts giving rise to this action occurred in this District, and a substantial portion of the relevant evidence and witnesses are located in this District. Venue is proper in the White Plains Courthouse because Plaintiff resides in, and Defendant has a principal place of business in, Westchester County, New York

## Cause of Action

8. Mr. Chisolm was employed by Defendant as a Help Desk Technician from August, 2015 until October 13, 2016.

9. Plaintiff's job responsibilities included responding to requests for computer assistance from hospital staff, opening and closing tech support tickets, repairing hardware, and configuring employee computer accounts.

10. Mr. Chisolm received compensation in the form of an hourly wage of $29.7436-$30.6359 per hour.

11. Throughout the vast majority of his employment with Defendant, Defendant directed Mr. Chisolm to clock into work at precisely 8:30 am and to clock out of work at precisely 4:30 pm, for a workday of precisely 8 hours.

12. Despite these instructions, Mr. Chisolm was required to attend a meeting with his supervisor at 8:00 am each workday.

13. The purpose of these daily meetings was to review and plan for the day's assigned tasks, and to evaluate the ongoing performance of the hospital's IT department. The meetings were mandatory.

14. Upon inquiry, Mr. Chisolm was admonished on several different occasions that he was not to clock in to work until after the conclusion of the meeting, at 8:30 am each day.

15. Additionally, on multiple occasions, Mr. Chisolm was required to arrive on site early (often at or around 5:00 am) or remain on site after hours in order to complete tasks which were assigned to him.

16. Defendant was aware and expected that Mr. Chisolm was performing his work in this manner, and intended him to do so, as evidence by multiple conversations between Mr. Chisolm and his supervisor concerning support tickets that were addressed on-site before or after business hours.

17. While Mr. Chisolm was permitted to submit work he performed after-hours remotely while off-site to his supervisor for overtime compensation, he was not permitted to do so for *on-site* after-hours work performed.

18. Defendant was aware of the need for and intended for Mr. Chisolm to arrive on site early and leave late in this manner, despite refusing to compensate him for those extra hours worked.

19. Nevertheless, Defendant repeatedly instructed Mr. Chisolm never to clock in prior to 8:30 am, and never to clock out after 4:30 pm, even on days in which he was expected to arrive early or stay late in order to complete assigned tasks.

20. Mr. Chisolm was not compensated for any hours worked except those for which he was clocked in or those performed remotely.

21. The expectation that Mr. Chisolm attend the mandatory meetings and perform after-hours work continued until Mr. Chisolm took legal action in connection with an unrelated pattern of racially discriminatory actions taken and statements made against him by certain members of Blythedale's staff and management.[1]

22. Only after learning that Mr. Chisolm had taken legal action regarding the discrimination against him did Defendant instruct Mr. Chisolm to clock in at 8:00 am, prior to his daily meeting, rather than 8:30 am, after the meeting. Concurrently, Defendant also instructed Mr. Chisolm to clock out at 4:00 pm instead of 4:30 pm.

23. However, no change was made to Defendant's policy of requiring hourly-wage employees to perform on-site after-hours work without clocking in.

24. On October 13, 2016 only a month after Defendant adjusted Mr. Chisolm's expected clock-in time to a time prior to his mandatory morning meeting, Mr. Chisolm was terminated by Defendant.[2]

25. Mr. Chisolm's termination letter explicitly references Mr. Chisolm's repeated complaints to his supervisor and the human resources department regarding his working conditions – complaints that raised both the significant and substantial racially discriminatory conduct inflicted upon him by Defendant, and Defendant's wage theft through its illegal off-clock work scheme.

---

[1] Plaintiff has filed a charge of discrimination on the basis of race with the New York District Office of the Equal Employment Opportunity Commission with respect to Defendant's racially discriminatory conduct.

[2] Plaintiff's charge of discrimination was filled prior to his termination. The charge is currently pending and Plaintiff has not yet exhausted his administrative remedies; therefore, he does not bring claims for discrimination on the basis of race or retaliatory discharge at this time. Plaintiff includes allegations related to his discharge for the sake of factual background.

26. As a result of Defendant's conduct, Mr. Chisolm was deprived of his agreed-upon wages for each of the unrecorded hours he worked, and substantial overtime compensation for unrecorded hours worked in excess of forty hours per week.

### First Claim for Relief:
### Overtime (FLSA)

27. Plaintiff restates and re-alleges Paragraphs 1-26 of this Complaint as if fully stated herein.

28. 29 U.S.C. §207(a)(1) provides that no covered employer shall employ a covered employee to for a workweek in excess of forty hours unless such employee receives compensation for his employment in excess forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

29. On numerous occasions, the hours of work for which Mr. Chisolm was not compensated by Defendant due to its practices as described herein were hours of work in excess of forty hours for the week during which they were performed.

30. Defendant did not pay Mr. Chisolm a rate not less than one and one-half times the regular rate at which he is employed as compensation for such hours work, but rather paid him no compensation whatsoever for those hours.

31. Defendant intentionally violated the FLSA's overtime wage payment requirements by paying Mr. Chisolm nothing for certain hours he worked in excess of forty hours per work week, thereby depriving him of his duly-earned wages and overtime for those hours.

32. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to back pay, an additional equal amount as liquidated damages, and his reasonable attorneys' fees and costs.

## Second Claim for Relief:
## Overtime (NYLL)

33. Plaintiff restates and re-alleges Paragraphs 1-26 of this Complaint as if fully stated herein.

34. 12 N.Y.C.R.R. §142-2.2 provides that an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate as similarly memorialized in the FLSA.

35. By engaging in the conduct described herein and in Plaintiff's First Claim for Relief, Defendant violated 12 N.Y.C.R.R. §142-2.2.

36. Defendant had no good faith basis to that its underpayment of wages was in compliance with the law.

37. Plaintiff is therefore entitled to back pay, liquidated damages equal to one hundred percent of the amount of underpayment pursuant to NYLL §663(1), and his reasonable attorneys' fees and costs.

WHEREFORE Plaintiff Keith Chisolm, by and through his attorney, respectfully prays for the following relief:

A) An award of back-pay;

B) An award of liquidated damages in an amount equal to Plaintiff's back-pay;

C) An award of Plaintiff's reasonable attorneys' fees and costs;

D) Any other relief that the Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims that may so be tried.

                                Respectfully submitted,

                                KEITH CHISOLM

                        BY:

Dated: November 15, 2016        s/James P. Batson

                                LANGONE BATSON & LAVERY, LLC
                                520 White Plains Road, Suite 500
                                Tarrytown, New York 10591
                                (914) 523-2278
                                jbatson@langonebatson.com
                                *His attorney.*