

February 28th, 2019

The Honorable Paul E. Davidson
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

    Re:   *Chisolm v. Blythedale Children's Hospital*
           Docket No. 1: 16-cv-8898 (the "Wage and Hour Lawsuit")

           *Chisolm v. Blythedale Children's Hospital, et. al.*
           <u>Docket No. 17-cv-3358 (the "Discrimination Lawsuit")</u>

Dear Magistrate Judge Davison:

      We represent the Plaintiff Keith Chisolm in the above-referenced matter. This letter is submitted jointly with counsel for Defendant Blythedale Children's Hospital (the "Hospital") for approval of the parties' settlement pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015). As detailed below, the parties have reached an agreement related to Plaintiff's discrimination and retaliation claims filed under the "Discrimination Lawsuit," and have agreed to dismissal of the "Wage and Hour Lawsuit" with prejudice under FRCP 41 (a)(1)(A)(i).

      In short, the parties are jointly requesting dismissal of the Wage and Hour Lawsuit because documents produced during discovery and in the course of the parties' settlement negotiations confirmed that Plaintiff was paid for all applicable hours worked, including overtime.

      <u>I. Introduction</u>

      Plaintiff Keith Chisolm commenced two separate lawsuits against Defendant Blythedale Children's Hospital: (1) *Chisolm v. Blythedale Children's Hospital*, Docket No. 16-cv-8898, alleging a claim of unpaid overtime wages under the FLSA and NYLL; and (2) Chisolm v. Blythedale Children's Hospital, Patricia Nyarady, and Evgin Heath, Docket No. 17-cv-3358, alleging race discrimination and retaliation claims against the Defendants. The two lawsuits were consolidated for the purposes of discovery and settlement pursuant to the Southern District of New York's mandatory Mediation/ADR Program.

**James P. Batson**
Partner

CHRIS LANGONE IS LICENSED TO PRACTICE IN IL AND NJ
JAMES BATSON IS LICENSED TO PRACTICE IN NY
MARK LAVERY IS LICENSED TO PRACTICE IN IL

Law Offices

Chicago
New York

520 White Plains Rd.
Suite 500
Tarrytown, NY 10591

312 344 1945
jbatson@langonebatson.com

The Hospital answered both lawsuits and denied the material allegations concerning alleged unpaid overtime, race discrimination, and retaliation. *See* Docket No. 8 in the Wage and Hour Lawsuit and Docket No. 13 in the Discrimination Lawsuit. Specific to the Wage and Hour Lawsuit, the Hospital maintained that it paid Plaintiff all applicable wages due and that Plaintiff's allegations that he was not permitted to punch in to work before his shift or that he did not receive pay for hours worked after his shift were false and could be refuted with documentary evidence.

As part of discovery and in preparation for the Court Ordered mediation, the Hospital produced documents related to Plaintiff's wages while working at the Hospital, including a payroll report showing the actual hours worked by Plaintiff and payment of wages related to those hours worked, including overtime. A copy of those payroll records are available for the Court's consideration, but have been reviewed by Plaintiff's counsel. Also available are copies of Plaintiff's bi-weekly Earning Statements that show that Plaintiff was paid for overtime and paid for such overtime hours at the enhanced time and one-half hourly rate. Once again, these documents were reviewed by Plaintiff's counsel.

## II. The Hospital's Records Reflect Plaintiff Was Properly Compensated

Plaintiff's basic allegations in the Wage and Hour Lawsuit was that he was not paid for certain work meetings that took place during his scheduled shifts and that he was prevented from punching in to start his shift before 8:30 a.m. As the records attached reveal, Plaintiff was able to and did in fact clock in to work before 8:30 on certain days when he arrived to work early and started his shift. By way of example, on August 20, 21, 27, September 2, November 11, 23, and December 15 and 18, 2015, Plaintiff clocked in to work before 8:30 a.m. The records provided by the Hospital also show that Plaintiff received credit and pay for hours worked after the end of his scheduled shifts. *See e.g.*, August 15, 20, 21, September 1, October 6, November 23, December 3, 8, 17, 18, and 21, 2015. There are also other dates throughout 2016 in which Plaintiff received pay for time worked both before and after his schedule shift.

Based upon the documentary evidence received and reviewed by Plaintiff, Plaintiff is requesting dismissal of his Wage and Hour Lawsuit with Prejudice. Based upon the information above, Plaintiff is unlikely to succeed on his Wage and Hour Lawsuit claims. As a result, Plaintiff is voluntarily dismissing his Wage and Hour Lawsuit to avoid potential costs that could be assessed against him after trial. Separate and apart from the dismissal of Plaintiff's Wage and Hour Lawsuit, Plaintiff and the Hospital have reached a confidential settlement related to the allegations in Plaintiff's Discrimination Lawsuit. Plaintiff's counsel represents that the fee in the Discrimination Lawsuit does not exceed 1/3 of the Recovery, and thus is consistent with what is the presumptively reasonable fee under *Cheeks,* as interpreted by case law in the District.

## III. The Court Should Find That the Settlement Is Fair and Reasonable

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Cheeks, supra; Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.,* No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of

contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.,* No. 10-cv-1 145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.' " *Le v. SITA Info. Networking Computing USA, Inc.,* No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food,* 679 F.2d at 1354). Although the FLSA places "limits on an employee's ability to waive claims ... for fear that employers would [otherwise] coerce employees into settlement and waiver," *Wolinsky,* 900 F. Supp. 2d at 335 (alteration in original) (internal quotation marks omitted), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC,* 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

Here, the dismissal of the Wage and Hour Lawsuit is warranted because the documentary evidence submitted by the Hospital refutes the allegations levied by Plaintiff. This disposition comes as a result of vigorous arm's-length negotiations occurring over months, including a court-sponsored mediation and several discussions between the parties regarding the claims and defenses. The parties are represented by counsel experienced and well-versed in wage and hour law who duly counseled their respective clients on the benefits and risks of continued litigation. As explained above, the disposition represents a fair and reasonable outcome based on the evidence in the record. Settlement at this stage of the case unquestionably constitutes the most efficient and effective conclusion to this litigation. Defendants asserted legitimate substantive defenses which highlighted substantial risk to Plaintiffs' ability to continue this FLSA litigation. *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 115 (2d Cir. 2013).

As demonstrated above, the dismissal sought herein represents a negotiation spanning months and consists of fair and reasonable compromise by both parties given the risks and costs associated with continued litigation and trial. Dismissal of the Wage and Hour Lawsuit is also warranted in these circumstances because Plaintiff did not commence that lawsuit on behalf of a class. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement.

Thank you for your consideration of this request.

Respectfully submitted,

s/*James P. Batson*

*Attorney for Plaintiff*

s/*Salvatore Puccio*

*Attorney for Defendants*